1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Kevin J. Holl, SBN 124830
Charlie Y. Chou, SBN 248369
**GORDON-CREED, KELLEY,**
**HOLL & SUGERMAN, LLP**
222 Kearny Street, Suite 650
San Francisco, California  94108
Telephone:  (415) 421-3100
Facsimile:  (415) 421-3150

Attorneys for Defendants
DOLLAR FINANCIAL GROUP, INC.;
DFC GLOBAL CORP (ERRONEOUSLY SUED AS DFC GLOBAL CORP D/B/A MONEY MART);
MONETARY MANAGEMENT OF CALIFORNIA, INC. D/B/A MONEY MART

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSETTE PORTER,<br><br>          Plaintiff,<br>    vs.<br><br>DOLLAR FINANCIAL GROUP, INC.; DFC GLOBAL CORP D/B/A MONEY MART; MONETARY MANAGEMENT OF CALIFORNIA, INC. D/B/A MONEY MART and DOES 1-100, inclusive,<br><br>          Defendants. | Case No.: _____<br><br>(San Joaqin County Superior Court, Case No.: 39-2014-00311980-CU-NP-STK)<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>[Federal Question and Diversity] |

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN

2  DISTRICT OF CALIFORNIA, AND TO PLAINTIFF JOSETTE PORTER AND HER ATTORNEYS

3  OF RECORD:

4    PLEASE TAKE NOTICE that DOLLAR FINANCIAL GROUP, INC.; DFC GLOBAL CORP[1];

5  AND MONETARY MANAGEMENT OF CALIFORNIA, INC. D/B/A MONEY MART

6  ("Defendants"), by and through their undersigned counsel, hereby remove this action to this Court from

7  the Superior Court of San Joaquin County (the "State Court"), pursuant to 28 U.S.C. §§ 1331, 1332,

8  1367, 1441(b), 1441(c), and 1446.  The grounds for removal are as follows:

9    1.    The action's removal is authorized by 28 U.S.C. § 1441 (a) and (c) because the

10  action falls within the federal question jurisdiction of this Court under 28 U.S.C. § 1331.

11    2.    The action's removal is authorized by 28 U.S.C. § 1441 (a) and (b) because the

12  action falls within the diversity jurisdiction of this Court under 28 U.S.C. § 1332.

13                              **JURISDICTIONAL ALLEGATIONS**

14    3.    Plaintiff Josette Porter ("Plaintiff") is a citizen of the state of California and resides

15  in San Joaquin County.

16    4.    Defendants Dollar Financial Group, Inc. is a New York corporation with its

17  principal place of business in Berwyn, Pennsylvania.

18    5.    DFC Global Corp. is a Delaware corporation with its principal place of business in

19  Berwyn, Pennsylvania.

20    6.    Monetary Management of California, Inc. D/B/A Money Mart is a Delaware

21  corporation with its principal place of business in Berwyn, Pennsylvania.

22    7.    The amount in controversy exceeds $75,000, exclusive of interest and costs.  *See*

23  Complaint at ¶¶ 1.a, 60.A, 64.A, and 69.

24    8.    This Court therefore has subject-matter jurisdiction under 28 U.S.C. § 1332(a)

25  because this is an action between citizens of different states in which the amount in controversy exceeds

26  $75,000, exclusive of interest and costs.

27

28  [1] DFC Global Corp was erroneously sued as an entity doing business (D/B/A) as Money Mart.

9.      Plaintiff alleges claims under the federal Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq*.  Complaint at ¶¶ 2, 48 – 50, 54, 56, 57 – 64.  Therefore, federal question jurisdiction exists over Plaintiff's claims under 28 U.S.C. § 1331 because resolution of Plaintiff's claims will require adjudication of disputed questions of federal law.

10.     To the extent Plaintiff's complaint alleges statutory, state common law, or other nonfederal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiff's claims under the federal Telephone Consumer Protection Act of 1991 and "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

11.     Because Plaintiff's Telephone Consumer Protection Act of 1991 claims arise under the laws of the United States, remove of this entire case is appropriate under 28 U.S.C. § 1441(a) – (c).

## PROCEDURAL ALLEGATIONS

12.     *Timeliness.*  This action was commenced in the State Court on June 4, 2014.  Defendants were served on June 11, 2014.  The action is therefore being removed within the 30 – day period provided by 28 U.S.C. § 1446(b)(1).

13.     *Venue.*  As required by the venue provision of 28 U.S.C. § 1446(a), this Court is the district court for the district within which the action has been pending.

14.     *Other.*  The only other proceeding that has taken place in the instant State Court action other than the filing and service of the summons and complaint is Defendants filing of their answer to Plaintiff's complaint.  As contemplated by 28 U.S.C. § 1446(a), Defendants will file a copy of Plaintiff's summons and complaint and Defendants' answer as **Exhibit A** hereto.  Consistent with 28 U.S.C. § 1441(b), no party in interest properly joined and served as a defendant, is a citizen of California, the state in which the action was brought.  Defendants are unaware of any other defendants who have been named in the complaint or who have been served with a summons and complaint.

15.     Pursuant to 28 U.S.C. § 1446(d), the Notice of the Filing of the Notice of Removal is being served on Plaintiff on July 11, 2014.

16.     A Notice of Filing of Notice of Removal is being filed with the Clerk of the State Court on July 11, 2014.

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT

1

2        WHEREFORE, Defendants hereby removes this action to this Court from the Superior Court for

3   the State of California, San Joaquin County.

4   Dated: July 11, 2014                           GORDON-CREED, KELLEY,

5                                                  HOLL & SUGERMAN, LLP

6

7                                    By:    _____/s/ Charlie Y. Chou_____

8                                           Kevin J. Holl
                                            Charlie Y. Chou
9                                           Attorneys for Defendants
                                            DOLLAR FINANCIAL GROUP, INC.;
10                                          DFC GLOBAL CORP; MONETARY
                                            MANAGEMENT OF CALIFORNIA, INC. D/B/A
11                                          MONEY MART

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



EXHIBIT A

SUM-100

# SUMMONS
## (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:** DOLLAR FINANCIAL GROUP, INC.; DFC
*(AVISO AL DEMANDADO):* GLOBAL CORP D/B/A MONEY MART;
MONETARY MANAGEMENT OF CALIFORNIA, INC. D/B/A MONEY
MART and DOES 1-100, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

2014 JUN -4  PH 2: 38

RAELISSA GRANT

**YOU ARE BEING SUED BY PLAINTIFF:** JOSETTE PORTER
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es:)* | CASE NUMBER: 39-2014-00311980-CU-NP-STK |
|---|---|

San Joaquin Superior Court
222 E. Weber Ave.
222 E. Weber Ave.
Stockton 95202

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael J. Manning, Jr. 286879                -949-200-8755   866-843-8308
Manning Law, PLLC
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660

DATE:  JUN 0 4 2014          Clerk, by  RAELISSA GRANT        , Deputy
*(Fecha)*      TERESA JUNQUERO  *(Secretario)*               *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Monetary Management of California Inc d/b/a Monetary
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 6-11-14

|   |   |
|---|---|
| [SEAL] | |

SUMMONS

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Legal Solutions Plus

Michael J. Manning, Esq. (CA Bar No. 286879)
Joseph R. Manning, Jr. Esq. (CA Bar No. 223381)
Phillip B. Nghiem, Esq. (CA Bar No. 291525)
**MANNING LAW, PLLC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
PH: (949) 200-8755
FX: (866) 843-8308

(Additional Attorneys on Signature Page)

Attorneys for Plaintiff JOSETTE PORTER

## SUPERIOR COURT OF CALIFORNIA

### IN AND FOR THE COUNTY OF SAN JOAQUIN – STOCKTON COURTHOUSE

| | |
|---|---|
| JOSETTE PORTER,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR FINANCIAL GROUP, INC.;<br>DFC GLOBAL CORP D/B/A MONEY<br>MART; MONETARY<br>MANAGEMENT OF CALIFORNIA,<br>INC. D/B/A MONEY MART and DOES<br>1-100, inclusive,<br><br>Defendants. | Case No.:    39-2014-00311980-CU-NP-STK<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.<br>3. VIOLATIONS OF CALIFORNIA CIVIL CODE SECTION 1788.17, ET SEQ. (CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT)<br>4. INVASION OF PRIVACY<br>5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff, Josette Porter ("Ms. Porter" or "Plaintiff"), by and through the

undersigned counsel, and for her Complaint against the Defendants Dollar Financial Group, Inc.,

DFC Global Corp d/b/a Money Mart and Monetary Management of California, Inc. d/b/a Money

Mart (hereinafter collectively referred to as "Defendants") and states as follows:

---

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1

# I.

## INTRODUCTION

1.  Plaintiff brings this action to enjoin Defendants from continuing with its campaign of harassment and intimidation and to recover for damages she suffered by virtue of Defendants' abusive conduct in the course of collecting on a consumer debt that she does not owe.  Since May 2012, Defendants have embarked on this illegal campaign of abuse by:

      a.  Calling Plaintiff's cell phone at least **two-hundred (200)** times without her prior express consent in violation of the Telephone Consumer Protection Act (TCPA);

      b.  Annoying and harassing Plaintiff by repeatedly calling her at least **two-hundred (200)** times on her cell phone despite knowing that she did not owe a debt to Defendants.

2.  "Consumer complaints about abuses of telephone technology – for example, computerized calls to private homes – prompted Congress to pass the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 et seq. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Financial Services, LLC*, Slip Opinion, Case No. 10-1195 (United States Supreme Court January 18, 2012) (internal citations omitted).

3.  The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq.*, prohibits unfair and deceptive acts and practices in the collection of consumer debts.

4.  The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this

MICHAEL J. MANNING, ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

---

responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

5.      In an effort to enforce these fundamental federal and state rights to privacy and fairness, Plaintiff files the instant complaint alleging violations of the TCPA and California Rosenthal Fair Debt Collections Practices Act.

## II.

## PARTIES

6.      Plaintiff is an individual residing in San Joaquin County, California at all times mentioned herein.

7.      Plaintiff is a natural person whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.  Therefore, Plaintiff is a "debtor" as that term is defined by California Civil Code §1788.2(h).

8.      Defendant Dollar Financial Group, Inc. ("Dollar Financial") is a New York corporation with its principal offices in Berwyn, Pennsylvania. Dollar Financial is doing business in California, including in San Joaquin County.

9.      DFC Global Corp d/b/a Money Mart ("DFC") is a Delaware corporation with its principal place of business in Berwyn, Pennsylvania.  DFC is doing business in California, including in San Joaquin County.

10.     Defendant Monetary Management of California, Inc. d/b/a Money Mart ("Money Mart") is a Delaware corporation with its principal offices in Berwyn, Pennsylvania. Money Mart is doing business in California, including in San Joaquin County.

11.     Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that

1  term is defined by California Civil Code § 1788.2(b). Therefore, Defendants are "debt collectors" as
2  that term is defined by California Civil Code § 1788.2(c).

3  12.  At all relevant times, this case involves money, property or their equivalent, due or owing or
4  alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As
5  such, this action arises out of a "consumer debt" and "consumer credit" pursuant to California Civil
6
7  Code § 1788.2(f).

8  13.  Whenever reference is made in this Complaint to any act of defendants, that allegation shall
9  mean that each defendant acted individually and jointly with the other defendants.

10  14.  Whenever reference is made in this Complaint to any act or transaction of any corporation,
11  partnership, business or other organization, the allegations shall be deemed to mean that the
12  corporation, partnership, business or other organization did or authorized the acts alleged in this
13  Complaint through its principals, officers, directors, employees, members, agents and
14  representatives while they were acting within the actual or ostensible scope of their authority.
15

16  15.  Defendants have engaged in a conspiracy, common enterprise, and common course of
17  conduct the purpose of which was to commit acts and practices of unfair competition as alleged in
18  this Complaint.

19  16.  Defendants each knew or realized that others, including the other defendants, were engaging
20  in or planned to engage in the violations of law alleged in this Complaint. Knowing or realizing that
21  others, including the other defendants, were engaging in such unlawful conduct, each defendant
22  nevertheless facilitated and continued to facilitate the commission of those unlawful acts.
23

24  17.  Each defendant intended to encourage and facilitate the commission of the unlawful acts,
25  and did encourage, facilitate, aid, promote or instigate the commission of unlawful acts, and
26  thereby, aided and abetted others, including the other defendants, in unlawful conduct.  The
27
28

MICHAEL J. MANNING, ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

unlawful acts alleged in this Complaint were those acts defendants intended to and did facilitate or were the natural and reasonable consequences of the acts defendants intended to and did facilitate.

## III.

## JURISDICTION AND VENUE

18.     This Court has subject-matter jurisdiction over the causes of action alleged in this Complaint because this Court is a court of general subject-matter jurisdiction and is not otherwise excluded from exercising subject-matter jurisdiction over said causes of action.

19.     This Court has personal jurisdiction over Defendants because each Defendant resides in, is incorporated in, has its main place of business in, and/or conducts business in the State of California, and a substantial portion of the acts, omissions, events, and transactions constituting the causes of action alleged herein occurred within the State of California. *Cal. Code Civ. Proc. §410.10.*

20.     This Court has original jurisdiction pursuant to California Code of Civil Procedure section 410.10 and 47 U.S.C. § 227(b)(3). (See *Murphey v. Lanier,* 204 F.3d 911, 915 (9th Cir. 2000).)

21.     This Court is the appropriate venue for this action under California *Code of Civil Procedure* sections 395 and 395.5, because the acts that give rise to the causes of action alleged herein occurred in the County of San Joaquin, State of California.  Plaintiff hereby designates the County of San Joaquin, State of California, as the place of proper venue.

## IV.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

22.     As noted above, in 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

MICHAEL J. MANNING, ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

23.     As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act ... is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC,* 679, 638 (7th Cir. 2012).

24.     The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

25.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

26.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the

MICHAEL J. MANNING, ESQ.
4667 MacArthur Blvd., Ste. 150
NEWPORT BEACH, CA 92660

wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

27.     The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones or the use of artificial or prerecorded messages without the prior express consent of the called party.

28.     Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D.Ill. Aug. 16, 2011) (emphasis original).

V.

## THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

29.     In 1977 the RFDCPA and the federal Fair Debt Collection Practices Act ("FDCPA") were adopted.

30.     In adopting the FDCPA, the United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

31.     The RFDCPA was adopted by the California legislature in order to set additional limits on debt collection practices and to provide greater protection to California residents by, among other things, holding the original creditors to the same standards as that of secondary debt collectors.

///

# VI.

## FACTUAL ALLEGATIONS

32.     Plaintiff has received at least two-hundred (200) calls on her cellular telephone from Defendants.

33.     Plaintiff had no pre-existing relationship with Defendants.  Defendants therefore could have never acquired Plaintiff's prior express written consent to call her on her cellular phone using an automatic dialing system.

34.     Plaintiff did not at any time authorize any person or entity to provide Plaintiff's cellular telephone number or Plaintiff's personal information, of any kind, to Defendants.

35.     In 2012 Plaintiff began receiving calls to her cellular telephone number from Defendants in which Defendants asked to speak to an individual that was not Plaintiff.

36.     When Plaintiff received her first telephone call from Defendants, Plaintiff advised Defendants of the following: (1) that the telephone number they were calling was a cellular telephone number that did not belong to the individual they had asked to speak with, (2) that Plaintiff had no knowledge of Defendants, (3) that Plaintiff never authorized Defendants to contact Plaintiff, and (4) to immediately cease calling Plaintiff.

37.     Defendants responded to Plaintiff by telling her that they had documented the information provided to them by Plaintiff, that Plaintiff would be removed from their call list and that the calls would cease immediately.

38.     In spite of Defendants representations to Plaintiff that they have removed her number from their call list and would cease communications with her, Defendants continued to call Plaintiff.  In each one of these subsequent communications Plaintiff received from Defendants, she reiterated her request that Defendants stop calling her.  Often times Defendants would call Plaintiff back within minutes of having confirmed that Plaintiff's number would be removed from their list and that the

MICHAEL J. MANNING, ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
8

calls would cease. In many instances, Defendants would place calls from different numbers and continue to inquire about the individual they were purportedly trying to reach. Defendants' use of different numbers initially confused Plaintiff and prompted Plaintiff to answer the calls.

39.     Each time Plaintiff spoke to Defendants the conversation was the same. Defendants asked for an individual that was not Plaintiff and, upon being informed that the number they called did not belong to that individual, Defendants would tell Plaintiff that the calls would cease. However, the calls did not cease.

40.     The calls were so numerous and harassing that Plaintiff, who is in poor health, contemplated changing her telephone number but instead decided to purchase an application for her cellular phone to block the calls placed by Defendants.

41.     Plaintiff alleges that at least 30 additional calls were placed to her cellular phone prior to the installation of the call blocking application and since the application was installed she has received at least 200 calls from Defendants. Defendants have continued to place calls to Plaintiff's cellular telephone number as recently as April of 2014.

42.     Defendants intentionally harassed and abused Plaintiff by continuously calling Plaintiff's cellular telephone multiple times a day on consecutive days.

43.     The telephone calls were placed by Defendants' employees or agents.

44.     The telephone calls were initiated using an automatic dialing system.

45.     The telephone system utilized by Defendants to place the telephone calls has the capability to dial telephone numbers without human intervention.

46.     Defendants dialed the Plaintiff's cellular telephone using its telephone system and without human intervention.

47.     Such system, it is believed, has the capacity to store and/or produce telephone numbers to be called with the use of a random or sequential number generator.

48. Such system is used to dial telephone numbers as specified by 47 U.S.C. § 227(a)(1).

49. Each telephone call was made without the "express consent" of the Plaintiff.

50. The telephone calls were not made for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

51. The telephone calls were willfully placed by Defendants.

52. The telephone calls were knowingly placed by Defendants.

53. The conduct of Defendants has proximately caused Plaintiff past and future monetary loss such as the cost of the telephone blocking application, past and future mental distress and emotional anguish, and other damages that will be presented to the jury.

54. The acts and omissions complained of, herein, occurred during the statutory limitations period under 47 U.S.C. § 227 *et. seq*, (the "TCPA").

55. After a reasonable time for discovery, Plaintiff believes she will be able to show that all actions taken by Defendants at issue were performed maliciously, wantonly, recklessly, intentionally and/or willfully, and were done with either the desire to harm or harass the Plaintiff and/or with the knowledge that their actions would very likely harm or harass the Plaintiff and/or that their actions were taken in violation of the law.

56. After a reasonable time for discovery, Plaintiff believes she will be able to show that Defendants have engaged in a pattern and practice of wrongful, unlawful and harassing behavior such that the full measure of the statutory damages allowed under the TCPA and RFDCPA should be levied against Defendants in order to deter similar future conduct by Defendants and similar companies.

///

///

///

MICHAEL J. MANNING, ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

# VII.

## FIRST CAUSE OF ACTION

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47**

**U.S.C. § 227 *et seq*.**

### (Against All Defendants)

57.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

58.     The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each of the above cited provisions of 47 U.S.C. § 227 *et seq*.

59.     As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

60.     Plaintiff is also entitled to and seeks injunctive relief prohibiting Defendants' violation of the TCPA in the future.

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff the following relief against Defendants:

A.     As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks the

greater of $500.00 in statutory damages or actual damages for each and every call that violated the TCPA;

B.     Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

C.     Award Plaintiff's pre-judgment and post-judgment interest as allowed by law; and

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
11

D.     Such other relief as the Court deems just and proper.

## VIII.

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER

## PRACTICES ACT, 47 U.S.C. § 227 *et seq.*

## (Against All Defendants)

61.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

62.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above- cited provisions of 47 U.S.C. § 227 et seq.

63.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

64.     Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff the following relief against Defendants:

A.     As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks the greater of treble damages, as provided by statute, of up to $1,500.00 or actual damages for each and every call that violated the TCPA;

B.     Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

C.     Award Plaintiff's pre-judgment and post-judgment interest as allowed by law; and

D.     Such other relief as the Court deems just and proper.

IX.

**THIRD CAUSE OF ACTION**

VIOLATIONS OF CALIFORNIA CIVIL CODE SECTION 1788.17

(THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT)

(Against All Defendants)

65.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

66.    California Civil Code section 1788.17 prohibits a debt collector from engaging in false, abusive, or deceptive business practices in connection with the collection of a consumer debt.

67.    Beginning on or about 2011, and continuing to the present, Defendants have engaged in the following conduct in violation of California Civil Code section 1788.17:

   a.  Defendants, in the course of debt collection activities, caused a telephone to ring repeatedly or continuously to annoy Plaintiff in violation of California Civil Code section 1788.11(d).

   b.  Defendants, in the course of debt collection activities, communicated, by telephone or in person with Plaintiff with such frequency as to be unreasonable and to constitute harassment in violation of California Civil Code section 1788.11(e).

   c.  Defendants' repeatedly called Plaintiff despite knowing that she did now owe a debt to defendants. This conduct was reasonably calculated to mislead the least sophisticated consumer, including Plaintiff, into believing that the consumer is responsible for a debt that the consumer does not owe; and

   d.  Defendants' efforts to collect on a debt Plaintiff never owed are tantamount to extortion. Despite Plaintiff repeatedly telling defendants in no uncertain terms that

MICHAEL J. MANNING, ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

she was not the debtor sought by defendants and therefore did not owe the debt; Defendants continued to call and harass her.  Defendants have essentially forced plaintiff into a position in which she can either continue to try and countenance Defendants' torture tactics (which is still ongoing as of the date this lawsuit was filed) or agree to pay off the debt.

68.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of California Civil Code section 1788.17, et seq.

69.     As a result of Defendants' knowing or willful violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code section 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code section 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c) from Defendants.

WHEREFORE, Plaintiff prays that this Court:

A.      An award of actual damages pursuant to California Civil Code §1788.30(a) in an amount to be adduced at trial, from Defendants;

B.      An award of statutory damages of $1,000.00, pursuant to California Civil Code §1788.30(b), from Defendants;

C.      An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendants; and

D.      Such other relief as the Court deems just and proper.

## X.

## FOURTH CAUSE OF ACTION

## INVASION OF PRIVACY

## (INTRUSION UPON SECLUSION)

MICHAEL J. MANNING, ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

(Against All Defendants)

70.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

71.    Plaintiff has a reasonable expectation of privacy at home and at work such that Defendants would not continue to communicate and harass them and engage in unlawful, intrusive, and abusive telephone calls in an effort to collect a debt.

72.    Courts have held that repeated and continuous calls in an attempt to collect a debt give rise to a claim for intrusion upon seclusion. Fausto v. Credigy 598 F.Supp. 2d 1049, 1056 (N.D. CA 2009) (Citing to Panahiasl v. Gurney 2007 U.S. Dist. Lexis 17269 and Joseph v. JJ. MacIntyre LLC 238 F.Supp.2d 1158, 1169 (N.D. Cal. 2002)).

73.    Defendants intentionally intruded on Plaintiff's privacy by, among other things, by (1) continuing to communicate with Plaintiff at home after Plaintiff confirmed with Defendants that she was not the debtor they were seeking; (2) unlawfully and intentionally communicating with Plaintiff at least two-hundred (200) times even though Defendants knew that Plaintiff did not owe Defendants any money.

74.    Plaintiff told Defendants that she was not the debtor on several occasions, which Defendants confirmed by verifying Plaintiff's social security number.

75.    Plaintiff has become rightfully distraught over the amount of telephone calls she has received from Defendants. Plaintiff received calls so frequently and so consistently that he no longer wanted to pick up her cell phone. Plaintiff's everyday life-style was completely disrupted due to Defendants constant annoyance and harassment.

76.    Defendants have called Plaintiff two-hundred (200) times. These intrusions and invasions against Plaintiff by Defendants in incessantly and repeatedly making multiple telephone calls to

MICHAEL J. MANNING, ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

1   Plaintiff occurred in a way that would be highly offensive to a reasonable person in Plaintiff's

2   position.

3   77.    Defendants' intrusions against Plaintiffs occurred after Defendants knew that Plaintiff was

4   not the debtor they were seeking and the fact that Defendants continued to relentlessly call her,

5   shows the audacity and scorched Earth tactics that Defendants employed to collect a debt.

6
7   78.    As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount

8   to be determined according to proof.

9   79.    Defendants also acted with such oppression, fraud, and/or malice, that Plaintiff is also

10  entitled to punitive damages in an amount according to proof.

11      WHEREFORE, Plaintiff prays that this Court:

12      A.          An award of actual damages in an amount according to proof at trial;

13
14      B.          Punitive damages in an amount according to proof at trial; and

15      C.          Such other relief as the Court deems just and proper.

16                              **XI.**

17                      <u>**FIFTH CAUSE OF ACTION**</u>

18                  **INTENTIONAL INFLICTION OF**

19                      **EMOTIONAL DISTRESS**

20                      **(Against All Defendants)**

21
22  80.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully

23  stated herein.

24  81.    Defendants' conduct was outrageous and extreme as evidenced by these facts:

25      (a) Defendants contacted Plaintiff at least **two-hundred (200)** times for a debt she did not

26      owe;

27      (b) Defendants called multiple times a day; and

28

MICHAEL J. MANNING, ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

(c) Defendants pursued Plaintiff for a debt that they knew she did not owe.

82.     Defendants' conduct was intentional, as evidenced by, among other things, continuing to communicate with Plaintiff at least **two-hundred (200)** times after confirming on multiple occasions that she was not the correct debtor.

83.     As a result of Defendants' conduct, Plaintiff suffered severe emotional distress.

84.     Defendants' conduct occurred after Defendants knew that Plaintiff was not the debtor they were seeking and the fact that Defendants continued to relentlessly call Plaintiff shows the audacity and scorched Earth tactics that Defendants employed to collect a debt.

85.     As a result of such intentional infliction of emotional distress, Plaintiff is entitled to actual damages in an amount to be determined according to proof.

86.     Defendants also acted with such oppression, fraud, and/or malice, that Plaintiff is also entitled to punitive damages in an amount according to proof.

WHEREFORE, Plaintiff prays that this Court:

A.      An award of actual damages in an amount according to proof at trial;

B.      Punitive damages in an amount according to proof at trial; and

C.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial to a jury on all issues so triable.

///

///

///

///

///

///

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
17

MANNING LAW, PLLC

Dated: June 3, 2014                      By:   /s/ Michael J. Manning
                                              Michael J. Manning, Esq.
                                              Joseph R. Manning, Jr., Esq.
                                              Phillip B. Nghiem, Esq.
                                              Attorneys for Plaintiff


Joel G. Hargis, Esq. (Arkansas Bar No. 2004007) (*pro hac vice* application to be filed)
**HARGIS LAW OFFICE**
533 West Washington Ave.
Jonesboro, AR 72401
PH: (870) 336-6413
FX: (870) 972-1787

Kathy A. Cruz, Esq. (Arkansas Bar No. 87079) (*pro hac vice* application to be filed)
**THE CRUZ LAW FIRM**
1325 Central Avenue
Hot Springs, AR 71901
PH: (501) 624-3600
FX: (501) 624-1150

Charles Lamey, Esq. (Arkansas Bar No. 2009244) (*pro hac vice* application to be filed)
**LAMEY LAW FIRM, INC.**
PO Box 2307
Conway, AR 72033
PH:  800-518-1253
FX:  877-287-3075

MICHAEL J. MANNING, ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
18